# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., *et al.*, | : |
| *Plaintiff*, | : Case No. 1:17-cv-0028-LPS |
| v. | : Hon. Leonard P. Stark |
| PETRÓLEOS DE VENEZUELA, S.A., *et al* | : |
| *Defendant*. | : |

## PDV HOLDING, INC.'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Kenneth J. Nachbar (#2067)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
KNachbar@mnat.com

OF COUNSEL:

Nathan P. Eimer
Lisa S. Meyer
EIMER STAHL LLP
224 S. Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com

# TABLE OF CONTENTS

IN THE UNITED STATES DISTRICT COURT ........................................................................... 1

INTRODUCTION ........................................................................................................................ 1

NATURE AND STAGE OF THE PROCEEDINGS .................................................................... 2

SUMMARY OF ARGUMENT .................................................................................................... 3

PLAINTIFF'S ALLEGATIONS ................................................................................................... 4

ARGUMENT ................................................................................................................................ 6

    I.    Plaintiffs Are Not Creditors of PDVH Because They Failed to State a Claim in *ConocoPhillips I*............................................................................................................... 6

    II.    Plaintiffs Are Not Creditors of Defendant PDVH Because *ConocoPhillips I* Does Not State a Claim For Damages Against PDVH................................................................... 8

    III.    Plaintiffs' DUFTA Claim Is Preempted by the FSIA. ...................................................... 11

CONCLUSION............................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................................ 6

*Crystallex Int'l Corp. v. Petróleos de Venezuela, S.A.*,
No. 15-1082-LPS, 2016 WL 7440471 (D. Del. Dec. 27, 2016) .............................................. 2, 7

*Crystallex Int'l Corp. v. Petróleos de Venezuela, S.A.*,
Civ. A. No. 15-1082-LPS, 2016 WL 5724777 (D. Del. Sept. 30, 2016) .................................. 6, 9

*Exp.-Imp. Bank v. Grenada*,
768 F.3d 75 (2d Cir. 2014) ...................................................................................................... 9

*Friedland v. Unum Grp.*,
50 F. Supp. 3d 598 (D. Del. 2014) ........................................................................................... 6

*Pine Top Receivables of Ill., LLC v. Banco de Seguros del Estado*,
771 F.3d 980 (7th Cir. 2014) ................................................................................................... 9

*Raji v. Bank Sepah-Iran*,
495 N.Y.S.2d 576 (N.Y. Sup. Ct. 1985) ................................................................................. 10

*Republic of Arg. v. NML Capital Ltd.*,
134 S. Ct. 2250 (2014) ............................................................................................................ 9

*Reserves Mgmt. Corp. v. 30 Lots, LLC*,
C.A. No. 08C-08-010 JTV, 2009 WL 4652991 (Del. Super. Ct. Nov. 30, 2009) ...................... 7

*Rubin v. The Islamic Republic of Iran*,
637 F.3d 783 (7th Cir. 2011), *as corrected* (Apr. 1, 2011) ...................................................... 9

*Seiden v. Kaneko*,
C.A. No. 9861-VCN, 2015 WL 7289338 (Del. Ch. Nov. 3, 2015) ........................................... 7

*Stephens v. Nat'l Distillers & Chem. Corp.*,
69 F.3d 1226 (2d Cir. 1995) *as corrected* (June 11, 1996) .................................................... 10

**Statutes**

28 U.S.C. §§ 1609-10 ............................................................................................................... 9

6 Del. C. § 1301 ............................................................................................................... 2, 7, 8

6 Del. C. § 1304 ........................................................................................................................... 3

6 Del. C. § 1308(b) ..................................................................................................................... 8

Case 1:17-cv-00028-LPS   Document 12   Filed 02/01/17   Page 4 of 16 PageID #: 135

## INTRODUCTION

Plaintiffs allege that Defendants Petróleos de Venezuela, S.A. ("PDVSA"), PDV Holding, Inc. ("PDVH"), PDVSA Petróleo, S.A. ("PPSA") and Rosneft Trading S.A. ("Rosneft") violated the Delaware Uniform Fraudulent Transfer Act ("DUFTA") by means of a November 30, 2016 transaction by which PDVSA allegedly obtained financing from Rosneft secured by a pledge of PDVH's equity in a subsidiary.  The transaction is alleged to be part of the same supposed Venezuelan campaign to avoid creditors that Plaintiffs contend forms the basis of its claims against PDVH in *ConocoPhillips Petrozuata B.V. v. Petróleos de Venezuela, S.A., et al.* (No. 1:16-cv-00904-LPS (D. Del.)) ("*ConocoPhillips I*").  Plaintiffs' newest claim against PDVH fails for several reasons.

First and foremost, the DUFTA claim alleged against PDVH here is premised on PDVH being Plaintiffs' debtor based on Plaintiffs' claims in *ConocoPhillips I*, but Plaintiffs cannot, as a matter of law, establish the necessary creditor-debtor relationship between Plaintiffs and PDVH as that suit fails to state a claim against PDVH.  Second, even if Plaintiffs had survive the pending motion to dismiss in *ConocoPhillips I*, the suit still does not establish a creditor-debtor relationship with PDVH as DUFTA requires that the creditor have a "right to payment" against a debtor and there is no potential for Plaintiffs to obtain a money judgment against PDVH in that suit.  That is because Plaintiffs allege PDVH is liable in *ConocoPhillips I* as a non-debtor transferor, but DUFTA does not authorize the imposition of damages against non-debtor transferors.  Further, the Foreign Sovereign Immunities Act ("FSIA") preempts any damages claim in *ConocoPhillips I*.  Thus *ConocoPhillips I* cannot serve to establish a creditor-debtor relationship.

1

Finally, Plaintiffs' claims in the present suit are preempted by the Foreign Sovereign Immunities Act as those claims seek to interfere with the movement of financial assets allegedly belonging to a foreign sovereign, Venezuela, and its alleged alter ego, PDVSA.

## NATURE AND STAGE OF THE PROCEEDINGS

On October 6, 2016, Plaintiffs ConocoPhillips Petrozuata B.V., Phillips Petroleum Company Venezuela Limited, ConocoPhillips Gulf of Paria B.V. and ConocoPhillips Hamaca B.V. (together, "ConocoPhillips") filed *ConocoPhillips I*, which alleged that Petróleos de Venezuela, S.A. ("PDVSA"), PDV Holding, Inc. ("PDVH"), CITGO Holding, Inc. ("CITGO Holding"), and CITGO Petroleum Corporation ("CITGO Petroleum") violated DUFTA 6 Del. C. § 1301 *et seq.*, through a series of transfers allegedly designed to assist the Republic of Venezuela with shielding its U.S.-based assets from creditors of Venezuela and its state-owned oil company, PDVSA. PDVH, CITGO Holding, and CITGO Petroleum (direct and indirect subsidiaries of PDVSA) (the "CITGO Defendants") filed a motion to dismiss on November 23, 2016.

*ConocoPhillips I* is patterned after *Crystallex International Corporation v. Petróleos de Venezuela, S.A.*, No. 1:15-cv-01082-LPS (D. Del) (*Crystallex I*), which alleges a DUFTA claim against PDVSA and PDVH arising out of the same dividend transfer at issue in *ConocoPhillips I*. This Court's partial denial of PDVH's motion to dismiss in *Crystallex I* is currently on appeal. As *ConocoPhillips I* involves the same transaction and presents "identical issues" as *Crystallex I*, *see Crystallex I*, No. 1:15-cv-01082-LPS, 2016 WL 7440471, at *2 (D. Del. Dec. 27, 2016), the CITGO Defendants have filed a motion to dismiss *ConocoPhillips I* as well as a motion to stay it pending PDVH's appeal of *Crystallex I*. The motion to dismiss and motion to stay remain pending.

2

Plaintiffs filed their Complaint in this case—*ConocoPhillips II*—on January 10, 2017. Although Plaintiffs have added new defendants, the Complaint is, essentially, a rehash of *ConocoPhillips I* (and *Crystallex I* and *Crystallex II*[1]). Plaintiffs allege that, in furtherance of a years-long Venezuelan "campaign" involving the dividend transfers and bond swap alleged in *ConocoPhillips I*, PDVH has violated DUFTA again by granting PDVSA's bondholder, Rosneft, a lien on a portion of PDVH's stock in CITGO Holding. Specifically, Plaintiffs urge that the possibility of an adverse damages award against PDVH stemming from Plaintiffs' DUFTA claim in *ConocoPhillips I* creates a creditor-debtor relationship between Plaintiffs and PDVH and that, in turn, PDVH's encumbrance of its own property amounts to a fraudulent transfer intended to "hinder, delay or defraud" Plaintiffs from collecting on a potential damages judgment against PDVH in *ConocoPhillips I*. 6 Del. C. § 1304(a)(1). Plaintiffs are wrong that their misguided equitable claim in *ConocoPhillips I* creates the creditor-debtor relationship necessary to state a DUFTA claim, and, in any event, Plaintiffs' claim is barred by the FSIA. This suit should accordingly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SUMMARY OF ARGUMENT

1. Plaintiffs' DUFTA claim against PDVH should be dismissed because it fails to state a basis for a debtor-creditor relationship between PDVH and ConocoPhillips—a necessary element of a DUFTA claim. Plaintiffs rely on their claims in *ConocoPhillips I* to allege that PDVH is Plaintiff's debtor, but those claims are subject to dismissal for the same reasons as stated PDVH's motion to dismiss in *Crystallex I*, which is currently on appeal and could be dismissed in due course. The dismissal of *Crystallex I* would lead to the dismissal of

---

[1] *See Crystallex Int'l Corp. v. PDV Holding Inc.*, No. 1:16-cv-01007-LPS (D. Del).

3

*ConocoPhillips I* and eliminate the basis for any creditor-debtor relationship between Plaintiffs and PDVH.

2. Even if the Court denies the motion to dismiss pending in *ConocoPhillips I*, Plaintiffs still fail to state a basis for a creditor-debtor relationship between PDVH and ConocoPhillips. Plaintiffs are barred from obtaining money damages from PDVH in *ConocoPhillips I* as a matter of law, and thus Plaintiffs are not now and never will be creditors of PDVH.

3. Plaintiffs allege that PDVH's placement of a lien on a portion of its stock in CITGO Holding in favor of Rosneft is one of many steps in an alleged scheme dictated by foreign sovereign Venezuela to shield its own property. Accordingly, as in *ConocoPhillips I*, Plaintiffs' claim here seeks to interfere with the movement of financial assets allegedly belonging to a foreign sovereign and is thus preempted by the FSIA.

## PLAINTIFF'S ALLEGATIONS

Plaintiffs are Dutch and Bermudan subsidiaries of the Dutch oil company, ConocoPhillips Company.[2] Plaintiffs allege that the Republic of Venezuela confiscated and nationalized Plaintiffs' interest in projects in Venezuela without compensation, leading Plaintiffs to initiate arbitrations against Venezuela, PDVSA, and certain of PDVSA's Venezuelan subsidiaries before the World Bank's International Centre for Investment Disputes ("ICSID") and the International Chamber of Commerce ("ICC"). Compl. ¶¶ 2-4. Although Plaintiffs have obtained a finding of liability in one arbitration, they have not received a final arbitral award

---

[2] ConocoPhillips Petrozuata B.V. ("ConocoPetrozuata"), ConocoPhillips Hamaca B.V. ("ConocoHamaca") and ConocoPhillips Gulf of Paria B.V. ("ConocoGulf") are Dutch subsidiaries of ConocoPhillips Company. (Compl. ¶¶ 12-13, 15.) Plaintiff Phillips Petroleum Company Venezuela Limited (ConocoVenezuela) is a Bermudan subsidiary of ConocoHamaca. *Id*. ¶ 14.

against any defendant in any of these arbitrations.[3]  *Id.*  Nevertheless, Plaintiffs have initiated a series of lawsuits against Defendant PDVH, a United States-based subsidiary of Venezuela's national oil company, PDVSA, in hopes of collecting on their anticipated awards against Venezuela and PDVSA without complying with the procedural requirements of the FSIA.

Plaintiffs allege that PDVSA, PDVH, CITGO Holding, and CITGO Petroleum Corporation have been engaged in a years-long "deliberate campaign" to evade creditors of Venezuela.  *Id.* ¶ 6.  Plaintiffs allege that the scheme to avoid Venezuela's creditors started with PDVSA's attempted sale of CITGO Petroleum Corporation.  *Id.* ¶ 7.  The next alleged instance was a series of transfers in February 2015 whereby CITGO Holding declared and paid a dividend to PDVH and PDVH declared and paid a dividend to PDVSA.  *Id.* ¶¶ 7, 33.  The next example of the alleged "campaign" to avoid Venezuela's creditors was an October 2016 transaction whereby PDVSA issued bonds secured by a pledge from PDVH of 50.1% of PDVH's equity in CITGO Holding.  *Id.* ¶¶ 7, 35.  In addition, Plaintiffs allege that, at some unspecified time, PDVSA, PDVH and CITGO Holding furthered Venezuela's scheme by "using CITGO Petroleum as PDVSA's procurement or payment agent."  *Id.* ¶ 7.  The alleged transfers formed the basis for Plaintiffs' first lawsuit, *ConocoPhillips I*, in which it alleged claims under DUFTA against PDVSA, PDVH, CITGO Holding, and CITGO Petroleum.  *Id.* ¶ 8.

Here Plaintiffs allege that, as part of the same effort to "frustrate, delay and avoid satisfaction" of its creditors' claims, PDVSA engaged in a transaction with Rosneft by which PDVSA raised $1.5 billion in financing from Rosneft.  *Id.* ¶¶ 9-10.  Plaintiffs allege that the financing was secured by a pledge of 49.9% of PDVH's equity in CITGO Holding to Rosneft.

---

[3] This is confirmed by Plaintiffs' recent letter to the Court (D.I. 10), which merely concerned the ICSID's reaffirmance of its previous finding of liability.  The tribunal has yet to consider the issue of damages.

5

*Id.* ¶ 40. In addition, Plaintiffs allege that, as part of the transaction, PDVSA Petróleo, S.A. ("PPSA") agreed to a "Commercial Export Contract," although Plaintiffs are not able to allege what, if anything, PPSA has agreed to do pursuant to this supposed agreement. *Id.* ¶¶ 40, 43.

Plaintiffs allege that the Rosneft Transaction is a fraudulent transfer under DUFTA and seek (1) an order avoiding the transaction, directing the Defendants to return any assets fraudulently transferred, or to pay money damages, as well as (2) an injunction barring PDVH from any further transfers. *Id.* ¶ 53. The sole basis for the alleged existence of the creditor-debtor relationship between ConocoPhillips and PDVH necessary to state a DUFTA claim is the continued pendency of *ConocoPhillips I*. *Id.* ¶ 48.

## ARGUMENT

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint's factual allegations. *Friedland v. Unum Grp.*, 50 F. Supp. 3d 598, 601 (D. Del. 2014). To withstand a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Plaintiffs, who bear the burden to state an adequate claim, *see id.*, fail to meet that standard here, and their claim should therefore be dismissed.

### I. Plaintiffs Are Not Creditors of PDVH Because They Failed to State a Claim in *ConocoPhillips I*.

To state a claim under DUFTA, a plaintiff must be a "creditor" of the alleged fraudulent transferor and the alleged transfer must involve property belonging to the creditor's debtor. *See See Crystallex Int'l Corp. v. Petróleos de Venezuela, S.A.*, -- F. Supp. 3d --, Civ. A. No. 15-1082-LPS, 2016 WL 5724777, at *2 (D. Del. Sept. 30, 2016); *Reserves Mgmt. Corp. v. 30 Lots, LLC*,

6

C.A. No. 08C-08-010 JTV, 2009 WL 4652991, at *1 (Del. Super. Ct. Nov. 30, 2009). A "creditor" is a person with a "claim," which is defined under the statute as "a right to payment, whether or not the right is reduced to judgment … ." 6 Del. C. § 1301 (emphasis added). A pending lawsuit from which a damages award could flow can create such a "right to payment" and thus can generate a creditor-debtor relationship sufficient to support a DUFTA suit. *See Seiden v. Kaneko*, C.A. No. 9861-VCN, 2015 WL 7289338, at *13 (Del. Ch. Nov. 3, 2015) (noting that the possibility of "incur[ring] future debts such as a potential judgment in [a legal] action" can create a creditor-debtor relationship sufficient to state a fraudulent transfer claim under DUFTA). *ConocoPhillips I*, however, cannot serve such a function in this case because Plaintiffs failed to state a claim against PDVH in that lawsuit.

Because ConocoPhillips' status as a creditor of PDVH is dependent on the viability of its claims against PDVH in *ConocoPhillips I*, it will be unable to state a claim if *ConocoPhillips I* is dismissed. In turn, the viability of *ConocoPhillips I* turns on the outcome of *Crystallex I*, which this Court has acknowledged involves the same transaction and presents "identical issues" as *ConocoPhillips I*. *See Crystallex I*, 2016 WL 7440471, at *2 (observing that *ConocoPhillips I* is a "related case[] in which one or both of the identical issues [presented in *Crystallex I*] are also presented"). Although the Court has ruled that Crystallex's DUFTA claim against PDVH in *Crystallex I* is not preempted by the FSIA and that Crystallex stated a claim against PDVH under DUFTA, PDVH is currently appealing both rulings. The Court's ruling on preemption is currently the subject of a collateral appeal to the Third Circuit, and this Court has granted PDVH's § 1292(b) motion to certify an appeal of the DUFTA and FSIA rulings to the Third Circuit. *See id.*

7

If either ruling in *Crystallex I* is reversed, *Crystallex II* and *ConocoPhillips I* will be subject to dismissal, meaning that this case—predicated on the viability of *ConocoPhillips I*—must be dismissed as well, as Plaintiffs will not be creditors of PDVH. The interconnectedness of these cases is the very reason why PDVH has argued that the Court should defer consideration of this lawsuit until after the resolution of PDVH's appeal.

## II.     Plaintiffs Are Not Creditors of Defendant PDVH Because *ConocoPhillips I* Does Not State a Claim For Damages Against PDVH.

Even if the Third Circuit were to affirm the rulings in *Crystallex I*, Plaintiffs still would not be creditors of PDVH in *this* action because there is still no avenue for Plaintiffs to obtain damages from PDVH in *ConocoPhillips I*. Without any potential for a money judgment against PDVH, Plaintiffs' *ConocoPhillips I* suit cannot—under any circumstance—serve to create the creditor-debtor relationship required to state a claim in the instant case. *See* 6 Del. C. § 1301 (defining "creditor" as a person with a "claim," which is, in turn, defined as "<u>a right to payment</u>, whether or not the right is reduced to judgment") (emphasis added).

First, Plaintiffs cannot obtain damages against PDVH in *ConocoPhillips I* because, under DUFTA, to the extent a transfer is voidable, the creditor may recover judgment for the value of the transferred asset only against "the first transferee of the asset or the person for whose benefit the transfer was made" or "any subsequent transferee other than a good-faith transferee." 6 Del. C. § 1308(b). PDVH was neither of these for any of the three fraudulent transactions alleged in *ConocoPhillips I*: (1) it had no involvement in the alleged "procurement agent" transactions between CITGO Holding and British Petroleum; (2) with respect to the dividend transfer PDVH is, as the Court acknowledged in *Crystallex I*, a "non-debtor transferor" and is neither a transferee nor the person for whose benefit the transfer was made, *Crystallex I*, 2016 WL

8

5724777, at *6; and (3) the same is true of the October 2016 security pledge by which Plaintiffs allege PDVH transferred a lien to PDVSA's creditors. Fundamentally, DUFTA does not authorize the imposition of money damages against non-debtor transferors. Nor should it, as expanding the scope of the statute to impose damages on non-debtor transferors—especially non-debtor transferors that, as with the dividend transaction, transfer the debtor's own property *to* the debtor—would dramatically expand the scope of liability under the statute and call into question transactions made by banks and other financial institutions on behalf of customers and clients.[4]

Second, even if the FSIA does not completely preempt Plaintiffs' claims in *ConocoPhillips I*, as PDVH argues it does, the FSIA does preempt, at the very least, any claim for *damages* against PDVH arising out of *ConocoPhillips I*. Plaintiffs' theory in *ConocoPhillips I* would impose damages liability under DUFTA on any entity that agreed to transfer property belonging to a foreign nation debtor to the foreign debtor. That creates a clear conflict with the FSIA, as restraining a foreign sovereign's property in any way—including an injunction to void a transfer or prevent future transfers—prior to the entry of a judgment confirming an arbitral award rendered against the foreign sovereign is prohibited by the FSIA. 28 U.S.C. §§ 1609-10; *see Republic of Arg. v. NML Capital Ltd.*, 134 S. Ct. 2250, 2257 (2014); *Exp.-Imp. Bank v. Grenada*, 768 F.3d 75, 86-87 & n.12 (2d Cir. 2014); *Pine Top Receivables of Ill., LLC v. Banco de Seguros del Estado*, 771 F.3d 980, 984 (7th Cir. 2014); *Rubin v. The Islamic Republic of Iran*, 637 F.3d 783, 799 (7th Cir. 2011), *as corrected* (Apr. 1, 2011); *Raji v. Bank Sepah-Iran*, 495 N.Y.S.2d 576, 580-81 (N.Y. Sup. Ct. 1985); *see also Crystallex I* Mem. of Law in Support of Defs.' Mot. To Dismiss (D.I. 9), at 11-14. Accordingly, the FSIA expressly preempts state law

---

[4] Indeed, this Court noted in *Crystallex I* that its conclusion that DUFTA reaches non-debtor transferors "strains the statute's structure," 2016 WL 5724777, at *6; further rewriting DUFTA to permit damages claims against non-debtor transferors would strain the already-stretched statute beyond its breaking point.

that purports to restrain a sovereign's freedom to transfer or dispose of its assets. *Stephens v. Nat'l Distillers & Chem. Corp.*, 69 F.3d 1226, 1232 (2d Cir. 1995), *as corrected* (Jan. 11, 1996) ("The FSIA's language . . . supports the interpretation that it means to preempt state law."); *see also Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1179 (11th Cir. 2011) (preempting federal common law rules affecting a sovereign's property).

Plaintiffs' claims in *ConocoPhillips I* are a transparent attempt to circumvent the FSIA's prohibition on prejudgment attachment through the guise of an action for fraudulent conveyance. The FSIA would not have allowed ConocoPhillips to obtain an order under DUFTA enjoining PDVH from paying a dividend to PDVSA while ConocoPhillips sought a judgment against PDVSA asserting the dividend payment was a fraudulent transfer, yet ConocoPhillips is seeking to impose liability against PDVSA for doing exactly what Congress determined is protected conduct under the FSIA. This stratagem, if permitted, would thus be a blueprint for any potential judgment creditor of a foreign sovereign, effectively creating a secondary legal regime governing the movement of foreign sovereign property in the United States and threatening both sovereigns and third parties such as PDVH with massive liability for transferring such property. Such a state of affairs would essentially allow state law to dictate whether foreign property can be restrained prior to entry of a judgment—an outcome expressly prohibited by the FSIA. *See Raji*, 495 N.Y.S.2d at 583 n.2 ("foreign sovereign entities may, with impunity, remove assets from the jurisdiction").

At bottom, in the absence of any possibility of damages against PDVH in *ConocoPhillips I*, Plaintiffs have no "claim" against PDVH in this action, and there is therefore no creditor-debtor relationship between the entities. As such, the pendency of *ConocoPhillips I* cannot be

used as the predicate for this case. Because Plaintiffs cannot satisfy a necessary element of DUFTA, their claim should be dismissed.

### III.     Plaintiffs' DUFTA Claim Is Preempted by the FSIA.

Finally, Plaintiffs' claims in *ConocoPhillips II* are themselves preempted by the FSIA as Plaintiffs allege that the fraudulent transfer in this action was part of the same Venezuela-directed scheme alleged in *ConocoPhillips I*. *See, e.g., ConocoPhillips II* Compl. ¶¶ 6-9, 31 (alleging a "new transfer to destroy and remove remaining value" in CITGO as part of Venezuela and PDVSA's allegedly "deliberate campaign to liquidate the value of CITGO and remove assets from the United States to Venezuela"). The "deliberate campaign" Plaintiffs allege in both Complaints includes efforts purportedly dictated by Venezuela to (1) sell CITGO Petroleum Corporation and issue dividends up the corporate ladder with the goal of repatriating them to Venezuela and away from creditors' grasp, (2) use CITGO Petroleum to procure supplies for PDVSA, and (3) effectuate the series of events (allegedly orchestrated by Venezuela) leading to PDVH's pledge in October 2016 of a lien on its stock in CITGO Holding (i.e., the subject of *ConocoPhillips I*). *ConocoPhillips I* Compl. ¶¶ 9-13, 76; *ConocoPhillips II* Compl. ¶¶ 6-7, 31-35. *ConocoPhillips II* adds to this series of events (again, allegedly orchestrated by Venezuela) PDVH's recent pledge of a lien on a 49.9% of its stock in CITGO Holding as collateral for PDVSA's exchange with Rosneft. *ConocoPhillips II* Compl. ¶¶ 37-46.

Thus, both cases involve challenges to the transfer of assets allegedly directed by a foreign sovereign. Moreover, in the present case, Plaintiffs seek precisely what the FSIA prohibits: an injunction against further transfers. Because the FSIA forbids any such restraint, and because Plaintiffs' Complaints allege that PDVH granted a lien on its property as part of a scheme directed by Venezuela to protect Venezuela's assets, DUFTA cannot be used to restrain

11

PDVH's assets by voiding the lien it extended to PDVSA's bondholders or enjoining future attempts to transfer assets without running afoul of federal law.  Accordingly, for same reasons articulated in *ConocoPhillips I* and *Crystallex I* —and now the subject of an appeal to the Third Circuit—the FSIA preempts this suit.

## CONCLUSION

For the foregoing reasons, Plaintiffs have failed to state a claim upon which relief can be granted.  Accordingly, Defendant PDVH respectfully requests that this suit be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Kenneth J. Nachbar* (#2067)

OF COUNSEL:

Nathan P. Eimer
Lisa S. Meyer
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com

Kenneth J. Nachbar
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
KNachbar@mnat.com

February 1, 2017