**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED, CONOCOPHILLIPS GULF OF PARIA B.V. and CONOCOPHILLIPS HAMACA B.V., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  C.A. No. 17-28-LPS |
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., PDV HOLDING, INC., and ROSNEFT TRADING S.A., | ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO
PDV HOLDING, INC.'S MOTION TO STAY**

ROSS ARONSTAM & MORITZ LLP
Garrett B. Moritz (#5646)
Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
gmoritz@ramllp.com
bschladweiler@ramllp.com

*Of Counsel*:

Michael S. Kim
Carrie A. Tendler
Marcus J. Green
Michael A. Sanfilippo
KOBRE & KIM LLP
800 Third Avenue
New York, NY  10022
(212) 488-1200
michael.kim@kobrekim.com
carrie.tendler@kobrekim.com
marcus.green@kobrekim.com
michael.sanfilippo@kobrekim.com

*Counsel for Plaintiffs ConocoPhillips
Petrozuata B.V., Phillips Petroleum Company
Venezuela Limited, ConocoPhillips Gulf of
Paria B.V., and ConocoPhillips Hamaca B.V.*

Dated:  February 3, 2017

# **TABLE OF CONTENTS**

**Page**

Nature and Stage of Proceedings ..................................................................................................... 1

Argument ......................................................................................................................................... 3

   I.     PDVH Faces No "Hardship or Inequity" ......................................................................... 3

   II.    A Stay Would Not Promote Judicial Economy ............................................................... 3

   III.  Delay Would Prejudice Plaintiffs ................................................................................... 5

Conclusion ....................................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*ConocoPhillips Petrozuata B.V. v. Petróleos de Venezuela S.A.*,
No. 16 Civ. 904 (D. Del)............................................................................................. passim

*Crystallex Int'l Corp. v. Petróleos de Venezuela, S.A.*,
No. 16-4012 (3d Cir. 2016)................................................................................................ 6

*Crystallex Int'l Corp. v. Petróleos de Venezuela, S.A.*,
No. 15 Civ. 1082 (D. Del.)................................................................................................. 1

**STATUTES**

28 U.S.C. §§ 1609-1611 ............................................................................................................ 4

6 *Del. C.* § 1307(a)..................................................................................................................... 6

6 *Del. C.* § 1301 ........................................................................................................................ 1

Plaintiffs ConocoPhillips Petrozuata B.V., Phillips Petroleum Company Venezuela Limited, ConocoPhillips Gulf of Paria B.V. and ConocoPhillips Hamaca B.V. ("Plaintiffs") respectfully submit this answering brief in opposition to the motion for a stay filed by defendant PDV Holding, Inc. ("PDVH").  D.I. 8 (the "Motion").

By the Motion, PDVH also asks the Court to consolidate this case with *ConocoPhillips Petrozuata B.V., et al. v. Petróleos de Venezuela S.A., et al.*, No. 16 Civ. 904 (D. Del) (hereafter, "*ConocoPhillips I*").  *See* D.I. 8 at 3-4.  As conveyed to counsel for PDVH before it made the Motion, Plaintiffs do not oppose consolidation of this action with *ConocoPhillips I*.

### Nature and Stage of Proceedings

On October 6, 2016, Plaintiffs brought an action against Petróleos de Venezuela, S.A. ("PDVSA"), PDVH, CITGO Holding, Inc. and CITGO Petroleum Corporation under the Delaware Uniform Fraudulent Transfer Act, 6 *Del. C.* § 1301, *et. seq.* ("DUFTA").  *See ConocoPhillips I*, D.I. 1.  On November 23, 2016, PDVH and the CITGO defendants moved to dismiss that case.  *ConocoPhillips I*, D.I. 10.   That motion has been briefed.  The remaining defendant in that case, PDVSA, has not yet responded to the complaint in that action.

On December 5, 2016, PDVH and the CITGO defendants moved to stay *ConocoPhillips I* pending resolution of PDVH's appeal, and request for permission to appeal, in another case, *Crystallex Int'l Corp. v. Petróleos de Venezuela, S.A., et al.*, No. 15 Civ. 1082 (D. Del.) (hereafter, "*Crystallex I*").  *See ConocoPhillips I*, D.I. 11.  Plaintiffs opposed a stay of *ConocoPhillips I* as a delay tactic, pointing out that (1) deciding the motion to dismiss in that case would pose no hardship for the defendants (particularly because they had already briefed it); (2) deciding the motion could not be entirely obviated by any decision of the Third Circuit in *Crystallex I* (because *ConocoPhillips I* involved different transactions, parties and allegations of

agency and control); and (3) the indefinite delay requested by the defendants would prejudice Plaintiffs (because, among other things, the defendants would continue to make fraudulent transfers in an attempt to permanently put assets out of creditors' reach). *See ConocoPhillips I*, D.I. 14.

In reply, on December 27, 2016, PDVH and the CITGO defendants dismissed Plaintiffs' concerns about further fraudulent transfers, stating: "the risk of further expropriation . . . is not a legitimate argument for prejudice." *ConocoPhillips I*, D.I. 16 at 5. They also argued, having already filed an opening brief on their motion to dismiss, that having to "reply to Plaintiffs' opposition to their motion to dismiss or [participate in] any potential oral argument [would] impose an unnecessary hardship." *Id.* The motion to stay *ConocoPhillips I* is pending.

In the meantime, on November 30, 2016—shortly before PDVH sought a stay of *ConocoPhillips I* and without disclosing it to the Court—PDVH made a new transfer by which it pledged all of its remaining equity in CITGO Holding, Inc. in favor of Rosneft Trading S.A. ("Rosneft"), for nothing in return. *See generally* Compl., D.I 1; *see also ConocoPhillips I*, D.I. 18. Instead, Rosneft reportedly paid ~US $1.5 billion to PDVSA and/or to PDVSA's subsidiary, PDVSA Petróleos, S.A. ("PPSA") (hereafter, the "Rosneft Transfers"). *See id.*

On January 10, 2017, Plaintiffs brought this action against PDVSA, PDVH, PPSA and Rosneft, challenging the Rosneft Transfers under DUFTA. *See* D.I. 1 (hereafter, "*ConocoPhillips II*"). By this Motion, PDVH now asks the Court to stay *ConocoPhillips II* pending the resolution of PDVH's appeal(s) to the Third Circuit from this Court's September 30, 2016 decision in *Crystallex I*. *See* Mot., D.I. 8.

As explained below and in the opposition to the motion to stay in *ConocoPhillips I* (*see ConocoPhillips I*, D.I. 14), the Court should deny this Motion because (1) there is no hardship

for PDVH or inequity to be avoided, (2) the Court will need to decide issues in this action that are not before the Third Circuit in *Crystallex I* and (3) the indefinite delay sought by PDVH will prejudice Plaintiffs.

**<u>Argument</u>**

### I.     PDVH Faces No "Hardship or Inequity"

PDVH cannot show any cognizable "hardship or inequity" to warrant delaying this case. PDVH asks the Court to stay this action to avoid "unnecessary briefing, motion practice, and discovery."  Mot., D.I. 8 at 5.  But, as in *ConocoPhillips I*, PDVH has already filed an opening brief on its motion to dismiss in this case, and is not yet subject to any discovery requests in this action.  *See* D.I. 12.

As with *ConocoPhillips I*, PDVH ostensibly wishes to avoid the "hardship" of submitting a permissive reply brief and participating in "any potential oral argument" on its motion to dismiss.  *See ConocoPhillips I*, D.I. 16.  However, as Plaintiffs explained in *ConocoPhillips I*, simply having to respond to litigation is not the sort of "hardship or inequity" that could warrant a stay (particularly where the movant has already responded).  *See ConocoPhillips I*, D.I. 14.

Further, PDVH's reply brief in this case will likely substantially parallel its reply brief on its motion to dismiss in *ConocoPhillips I.  See ConocoPhillips I*, D.I. 20.   For the Court to decide PDVH's own pending motion to dismiss in this case could not cause any hardship for PDVH.

### II.     A Stay Would Not Promote Judicial Economy

PDVH is not merely asking the Court to put off some or all of the briefing, argument or resolution of its pending motion to dismiss in this action (or to put off any particular discovery assuming the action survives the motion to dismiss).  Instead, PDVH is asking the Court *to stay*

3

*this entire case* "pending resolution of the Third Circuit appeal(s) in *Crystallex I*."  *See* Mot., D.I. 8 at 6.

But the issues on appeal (or potentially on appeal) in *Crystallex I* could not resolve this action or even resolve *ConocoPhillips I*.  The Court will have to adjudicate the Rule 12 motions in this case in any event.

There are two questions implicated by the appeal(s) in *Crystallex I*:

- "Whether the FSIA attachment immunity provisions, 28 U.S.C. §§ 1609-1611, preempt state fraudulent transfer laws to the extent that they effectively restrain immunized property of a foreign sovereign debtor or impose liability on non-debtor transferors for prejudgment transfers of immunized property" (*Crystallex I*, D.I. 55); and

- "Whether the phrase 'by a debtor' in DUFTA, 6 *Del. C.* § 1304(a)(l), applies to 'non-debtor transferors' deemed to be acting on the debtor's behalf, absent allegations of alter ego or piercing the corporate veil" (*id.*).

First, even if the Third Circuit disagreed with this Court and agreed with PDVH in *Crystallex I* that a DUFTA *cause of action* alleging transfers of sovereign property somehow amounted to an impermissible "attachment, arrest [or] execution" on sovereign property, it would not dispose of this case.  In *Crystallex I*, the plaintiff is a creditor of the Bolivarian Republic of Venezuela ("Venezuela") and alleges that PDVSA is the alter ego of Venezuela and dealing in Venezuela's property.  *See generally Crystallex I.*

Therefore, "property of a debtor" in *Crystallex I* is sovereign property that, according to PDVH's view of it, could somehow implicate 28 U.S.C. §§ 1609-1611 of the Foreign Sovereign Immunities Act (the "FSIA").  This case is different.

To be sure, in this action (like *Crystallex I*), Plaintiffs are international arbitration creditors of Venezuela.  *See generally* Compl., D.I. 1; *see also ConocoPhillips I*, D.I. 1, D.I. 22. But unlike in *Crystallex I*, the Plaintiffs here are also separately creditors of PDVSA and of

PPSA by virtue of international arbitration claims against each of them.  *See generally* Compl., D.I. 1; *see also ConocoPhillips I*, D.I. 1.  In addition, Plaintiffs are creditors of PDVSA, PDVH and the CITGO defendants by virtue of the action for fraudulent transfer liability against them in *ConocoPhillips I*.

It may be common ground that, where the "debtor" is Venezuela, the "property of a debtor" may refer to sovereign property.  But in this case, the "property of a debtor" refers to the property of Venezuela and also separately to the property of PDVSA, PPSA, PDVH, the CITGO defendants, and even to the property interests of Rosneft.  Whether such property is in any way implicated by the FSIA is not now before the Third Circuit in *Crystallex I* (nor has it been considered by this Court).

Second, and similarly, the resolution by the Third Circuit of an appeal of the Court's construction of DUFTA could not resolve this action.  The DUFTA statutory appeal, if it is heard and if the Third Circuit agrees with PDVH, could theoretically limit DUFTA claims to only embrace transfers by debtors (rejecting the Court's application of DUFTA to "non-debtor transferors").  But, as explained above, this action alleges different transfers *directly by debtors themselves*, in addition to transfers by "non-debtor transferors," where the arbitration claim debtors in this case include Venezuela, PDVSA and PPSA, and where PDVH is both a "non-debtor transferor" of PDVSA, PPSA and/or Venezuela property, and is a debtor itself as a fraudulent transfer defendant in *ConocoPhillips I*.

## III.    Delay Would Prejudice Plaintiffs

The stay requested by PDVH is indefinite.  By order dated January 13, 2017, the Third Circuit stayed the appeal in *Crystallex I*, and has even suggested those appeals may be stayed pending resolution of PDVSA's separate motion to dismiss in *Crystallex I*, now pending before

this Court.  *See Crystallex Int'l Corp. v. Petróleos de Venezuela, S.A.,* No. 16-4012 (3d Cir. 2016), Jan. 13, 2017 Order.  When (and if) the Third Circuit will hear the appeal(s) is unknown; when (and if) it will actually decide the issues in *Crystallex I* is anyone's guess.

If Plaintiffs prevail on the merits, this Court would be entitled to enter an order enjoining further transfers by PDVH or by any of the other defendants over whom the Court has personal jurisdiction, on pain of contempt.  *See 6 Del. C.* § 1307(a) (providing for "relief against a transfer," including injunction against "further disposition by the debtor or a transferee, or both, of the asset transferred or of other property").  PDVH nonetheless contends there can be no prejudice from a stay because the Court is not yet entitled to make such an order.  *See* Mot., D.I. 8 at 5-6.

PDVH is wrong.  The longer PDVH is able to delay adjudication of the Rule 12 motion, put off any meaningful discovery, and delay the ultimate trial of this action, the more opportunity PDVH (and its controlling persons) will have to further dissipate assets without the knowledge of Plaintiffs or of the Court (as they seem to have accomplished with the Rosneft Transfers), and without the threat of being enjoined from continuing that conduct.

PDVH appears willing to expend more effort pursuing this motion to stay than it would take to write a reply brief and appear for oral argument on its motion to dismiss.  But that supposed "hardship," in the face of demonstrable prejudice to Plaintiffs, is no basis for a stay.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request the Court to deny the Motion.

Respectfully submitted,

Ross Aronstam & Moritz LLP

*Of Counsel*:

Michael S. Kim
Carrie A. Tendler
Marcus J. Green
Michael A. Sanfilippo
Kobre & Kim LLP
800 Third Avenue
New York, NY  10022
(212) 488-1200
michael.kim@kobrekim.com
carrie.tendler@kobrekim.com
marcus.green@kobrekim.com
michael.sanfilippo@kobrekim.com

*/s/ Garrett B. Moritz*
Garrett B. Moritz (#5646)
Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
gmoritz@ramllp.com
bschladweiler@ramllp.com

*Counsel for Plaintiffs ConocoPhillips
Petrozuata B.V., Phillips Petroleum Company
Venezuela Limited, ConocoPhillips Gulf of
Paria B.V., and ConocoPhillips Hamaca B.V.*

Dated:  February 3, 2017

## CERTIFICATE OF SERVICE

I, Garrett B. Moritz, hereby certify that on February 3, 2017, I caused the foregoing *Plaintiffs' Answering Brief in Opposition to PDV Holding, Inc.'s Motion to Stay* to be served via electronic mail upon the following counsel of record:

Kenneth J. Nachbar
Alexandra Cumings
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
knachbar@mnat.com
acumings@mnat.com

*Counsel for Defendant PDV Holding, Inc.*

Nathan P. Eimer
Lisa S. Meyer
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
neimer@eimerstahl.com
lmeyer@eimerstahl.com

*Counsel for Defendant PDV Holding, Inc.*

 */s/ Garrett B. Moritz*
Garrett B. Moritz (#5646)