

### ROSS ARONSTAM & MORITZ LLP

100 S. West Street, Suite 400 • Wilmington, DE 19801
Telephone 302.576.1600 • Facsimile 302.576.1100
www.ramllp.com

Garrett B. Moritz

Direct Dial 302.576.1604
gmoritz@ramllp.com

October 18, 2019

**VIA E-FILING & HAND DELIVERY**
The Honorable Leonard P. Stark
U.S. District Court for the
  District of Delaware
844 North King Street
Unit 26, Room 6124
Wilmington, Delaware 19801

Re: *ConocoPhillips Petrozuata B.V., et al. v. Petróleos de Venezuela S.A., et al.*, C.A. No. 16-904-LPS
    *ConocoPhillips Petrozuata B.V., et al. v. Petróleos de Venezuela S.A., et al.*, C.A. No. 17-28-LPS

Dear Chief Judge Stark:

The parties to the above-captioned cases (*ConocoPhillips I & II*) write jointly pursuant to the Court's November 30, 2018 Order [Doc. 61] to submit one or more joint status reports no later than seven days after the October 11, 2019 joint status report filed by the parties in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 17-mc-00151-LPS (the "*Crystallex Asset Proceeding*").

**Plaintiffs' Position**

As previously disclosed to the Court, a tribunal of the International Chamber of Commerce ("ICC") issued a final arbitration award (dated April 24, 2018) in favor of two of the plaintiffs in the above-captioned cases, Phillips Petroleum Company Limited and ConocoPhillips Petrozuata B.V. (collectively "ConocoPhillips") and against Petróleos de Venezuela, S. A.'s ("PDVSA"), PDVSA Petróleo, S.A. ("PPSA") and Corporguanipa, S.A. (the "ICC Award"). The total amount of the ICC Award, as amended, is approximately US $2 billion. The ICC Award was confirmed and recognized as a judgment of the Southern District of New York in *Phillips Petroleum Company Venezuela Limited et al. v. Petroleos De Venezuela, S.A., et al.*, C.A. No. 1:18-cv-03716 (S.D.N.Y. 2018) on August 23, 2018 (the "SDNY Judgment"). As also previously disclosed, ConocoPhillips, PDVSA, PPSA and Corporguanipa, S.A. entered into a confidential settlement agreement concerning the ICC Award, the terms of which required the plaintiffs in the above-captioned cases to seek a stay of *ConocoPhillips I & II* pending performance of certain settlement obligations.

The Honorable Leonard P. Stark
October 18, 2019
Page 2

ConocoPhillips respectfully reserves the right to participate in the *Crystallex Asset Proceeding* and any other proceedings related to the validity of any purported lien and/or the valuation and/or sale of PDVH shares, given ConocoPhillips's status as a US ~$2 billion judgment creditor of PDVSA. Further, as Crystallex described in the October 11, 2019 joint status report filed in the *Crystallex Asset Proceeding*, it is widely expected that PDVSA may default on a US $913 million payment to certain noteholders, due on October 27, 2019, on bonds maturing in 2020. Those obligations are purportedly secured by a pledge of 50.1% of PDVH's equity in CITGO Holding, Inc. And as disclosed in that same joint status report by would-be intervenor in the *Crystallex Asset Proceeding*, Rosneft Trading S.A. ("Rosneft"), Rosneft also claims a first priority security interest in PDVH's equity in CITGO Holding, Inc. *See* Doc. 139 in 1:17-mc-00151-LPS. As the Court may recall, among other relief, in *ConocoPhillips I & II*, ConocoPhillips asks the Court to annul the purported pledge given to the holders of the 2020 bonds and to invalidate the security interest given to Rosneft, as obligations fraudulently incurred. As a result, if either or both of the bondholders and Rosneft seeks to foreclose on any such purported security interests, ConocoPhillips respectfully reserves the right to participate in any such proceedings to protect the efficacy of any potential remedies it may seek or that the Court may order in *ConocoPhillips I & II*.

Therefore, subject to a full reservation of rights, ConocoPhillips respectfully requests that this Court maintain the stay of proceedings applicable to *ConocoPhillips I & II* at this time but without prejudice to the parties' rights to seek leave to lift the stays. ConocoPhillips further discloses that, in addition to the ICC Award, Plaintiff ConocoPhillips Petrozuata B.V. also has a pending action in the United States District Court for the District of Columbia to confirm a US ~$8.5 billion International Centre for Settlement of Investment Disputes arbitration award against the Bolivarian Republic of Venezuela (the "ROV"), captioned *ConocoPhillips Petrozuata B.V., et al. v. Bolivarian Republic of Venezuela*, C.A. No. 1:19-cv-00683 (CJN) (D.D.C. 2019); and a related ConocoPhillips entity, ConocoPhillips Gulf of Paria B.V., has a pending action in the United States District Court for the Southern District of New York to confirm a US ~$55 million ICC arbitration award against PDVSA and related entity, Corporación Venezolana del Petróleo, S.A., captioned *ConocoPhillips Gulf of Paria B.V. v. Corporación Venezolana del Petróleo, S.A., et al.*, C.A. No. 19-cv-7304 (S.D.N.Y. 2019). Accordingly, ConocoPhillips further reserves the right to participate in any such proceedings as a result of its status as a multi-billion dollar creditor of both PDVSA and the ROV.

**CITGO Defendants' Position**

The CITGO Defendants contend that no joint status report is presently due to this Court. On November 30, 2018, the Court extended its stay over *ConocoPhillips I & II* pending dissolution of the stay the Court entered in the *Crystallex Asset Proceeding* (No. 17-mc-151). *ConocoPhillips I* D.I. 66. The Court directed the parties in *ConocoPhillips I & II* to file a joint status report only after (1) the *Crystallex Asset Proceeding* stay is lifted, (2) the parties to the *Crystallex Asset Proceeding* file their own joint status reports fourteen days thereafter, and (3) seven days elapse from the date of the *Crystallex Asset Proceeding* joint status reports. *Id.* These events have not occurred.

The Honorable Leonard P. Stark
October 18, 2019
Page 3

The *Crystallex Asset Proceeding* is currently stayed pending "the Third Circuit's disposition of the petition for writ of mandamus and the consolidated appeals" in that matter.  *Id.* A panel of the Third Circuit issued an opinion in the *Crystallex Asset Proceeding* appeal in July 2019, but the Third Circuit's mandate has not yet issued because PDVSA and the Republic of Venezuela have petitioned for panel rehearing and rehearing en banc.  The rehearing petition was fully briefed as of October 15, 2019, and the Third Circuit has not yet determined whether to rehear the matter.  Until the Third Circuit resolves the pending petition and issues its mandate, it has not "dispos[ed]" of the *Crystallex Asset Proceeding*, and this Court's stay of *ConocoPhillips I & II* thus remains in place.

On October 4, 2019, this Court requested a status report from the parties in the *Crystallex Asset Proceeding* within seven days; the requested joint status report was submitted on October 11, 2019.  In that filing, all parties in the *Crystallex Asset Proceeding*—including Crystallex—made clear that they understood the stay entered on November 30, 2018 by this Court had not yet been lifted as of October 11, 2019.  Moreover, the Court's October 4 Order did not reference its November 30, 2018 Order in this case and did not purport to lift the stay of the *Crystallex Asset Proceeding*, *ConocoPhillips I & II*, and *Crystallex I & II*.  Indeed, the October 4, 2019 Order cannot be read as invocation of the November 30, 2018 obligations, as the November 30 Order would have given the *Crystallex Asset Proceeding* parties fourteen days—not seven—to file a joint status report.  Thus, the joint status report filed in the *Crystallex Asset Proceeding* last week did not trigger the parties' obligations under the Court's November 30 Order in *ConocoPhillips I & II* to file a joint status report today.

Nevertheless, to avoid any risk of waiver, the CITGO Defendants provide the following update on these proceedings:

The CITGO Defendants agree with ConocoPhillips that the Court should continue its stay of these proceedings.  The CITGO Defendants urge the Court to maintain such a stay pending resolution of the *Crystallex Asset Proceeding*.

**PDVSA's Position**

It is PDVSA's position that no joint status report is presently due to this Court for the same reasons set forth by the CITGO Defendants.  As reported in the Parties' prior status report in August 2018, Phillips Petroleum Company Limited and ConocoPhillips Petrozuata B.V. reached a confidential settlement with PDVSA and PPSA regarding the Award that provides for a stay of the proceedings in *ConocoPhillips I & II*.  Thereafter, on January 23, 2019, the President of the United States recognized Juan Guaidó as the Interim President of Venezuela. The Ad Hoc Board of Directors of PDVSA appointed by the Guaidó government recognize the settlement agreement as a valid contract.  In light of the terms of the confidential settlement agreement, PDVSA requests the Court to continue the stay of the proceedings in *ConocoPhillips I & II*.

The Honorable Leonard P. Stark
October 18, 2019
Page 4

**RTSA's Position**

In the last joint status report in this case (D.I. 59), RTSA indicated that dismissal with prejudice was warranted in light of a settlement agreement between ConocoPhillips and PDVSA. That remains RTSA's position.  Additionally, and alternatively, RTSA indicated that it should be dismissed in light of the Third Circuit's 2018 opinion in *Crystallex International Corp. v. Petróleos de Venezuela, S.A.* (the "*Crystallex DUFTA Appeal*").  This remains RTSA's position as set forth below.

Nothing in the Third Circuit's opinion in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 18-2797 (3d Cir. July 29, 2019) (the "*Crystallex Attachment Appeal*"), changes RTSA's position regarding the disposition of this matter.  As RTSA explained in the Joint Status Report filed on January 10, 2018 (D.I. 52), the Third Circuit's decision in the *Crystallex DUFTA Appeal* warrants immediate dismissal of this case with prejudice as to RTSA. The Third Circuit held in the *Crystallex DUFTA Appeal* that Crystallex's "non-debtor transferor" theory of liability under DUFTA fails as a matter of law, and RTSA respectfully maintains that this legal deficiency cannot be cured by amendment. The law of the *Crystallex DUFTA Appeal* is clear—a transfer is actionable under DUFTA only if it is made by the debtor itself—and the Third Circuit's conclusion in the *Crystallex Attachment Appeal* that PDVSA is the alter ego of the Republic of Venezuela for purposes of post-judgment attachment has no bearing on the fundamental non-viability of ConocoPhillips's DUFTA claim against RTSA.  As ConocoPhillips has never alleged that PDVH (the alleged transferor) is the alter ego of PDVSA or Venezuela, its DUFTA claims are insufficient as a matter of law under the Third Circuit's ruling in the *Crystallex DUFTA Appeal*.  Accordingly, RTSA respectfully submits that the claims against it in this case should be dismissed with prejudice.

Respectfully submitted,

*/s/ Garrett B. Moritz*

Garrett B. Moritz (#5646)

cc: All Counsel of Record